# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| James A. Smith, Jr., ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 1:12cv1336 (TSE/JFA) |
| ) | |
| Harold W. Clarke, ) | |
|     Respondent. ) | |

FILED MAY 21 2013 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

James A. Smith, Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of rape and abduction following a bench trial in the Circuit Court of the City of Norfolk. Respondent has filed a Motion to Dismiss with a supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed a Response with exhibits. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

### I. Background

Following a bench trial on June 18, 2009, petitioner was convicted of one count each of rape and abduction, and was acquitted of two counts of forcible sodomy. Case No. CR09000787 - 04 through -07; Resp. Ex. A. On December 11, 2009, petitioner was sentenced to ten (10) years incarceration with five (5) years suspended for the abduction, and thirty (30) years in prison with twenty-five (25) years suspended for the rape, for a total sentence of ten (10) years incarceration. Id.

Petitioner noticed a direct appeal of his convictions and sentence to the Court of Appeals of Virginia, raising claims that the evidence was insufficient to sustain the rape conviction, and that his sentence was unlawful because the court mistakenly believed that the rape charge carried a minimum mandatory sentence. The petition for appeal was denied on June 9, 2010. Smith v. Commonwealth, R. No. 0073-10-1 (Va. Ct. App. June 9, 2010); Resp. Ex. B. The Supreme Court of Virginia refused a petition for further review on January 3, 2011. Smith v. Commonwealth, R. No. 102262 (Va. Jan. 3, 2011); Resp. Ex. C.

Petitioner filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia on January 20, 2012, raising the following claims:

1. He received ineffective assistance of appellate counsel when his attorney filed an improper and inadequate petition for appeal in the Court of Appeals and the Supreme Court of Virginia.

2. He received ineffective assistance of appellate counsel when his attorney failed to raise meritorious issues on direct appeal.

3. He received ineffective assistance of trial counsel when his attorney failed to investigate the details of the crimes with which petitioner was charged or the reputation of the victim.

4. He received ineffective assistance of trial counsel when his attorney failed to cross-examine the victim adequately.

5. Trial counsel provided ineffective assistance by failing to object at sentencing to a statement by the prosecutor.

6. He was denied his right to due process when the trial court admitted the victim's inherently unreliable testimony.

2

> 7. The trial court lacked jurisdiction because petitioner was not re-indicted or given a new preliminary hearing after an initial mistrial.

By Order entered June 29, 2012, the petition was dismissed. Smith v. Dir., Dep't of Corrections, R. No. 120118 (Va. June 29, 2012); Resp. Ex. D. Petitioner then turned to the federal forum and timely filed the instant petition, reiterating the same claims he raised in the Virginia habeas action. As noted above, respondent has filed a Motion to Dismiss, and petitioner has replied. All of the claims raised have been exhausted in the state forum.[1] Accordingly, this matter is now ripe for review. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed, with prejudice.

## II. Procedural Bar

On federal habeas corpus review, a state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal

---

[1] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. Based upon these principles, Claims 6 (admission of the victim's testimony) and 7 (trial court's lack of jurisdiction) are procedurally barred from federal review.

When petitioner raised Claims 6 and 7 in his state habeas corpus application, the Supreme Court of Virginia expressly found them to be defaulted because they "could have been raised at trial and on direct appeal and, thus, [were] not cognizable in a petition for a writ of habeas corpus" pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1975). Smith v. Dir., supra, slip op. at 7-8. The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Virginia court's express finding that Slayton barred review of Claims 6 and 7 also precludes federal review of those claims. Clanton, 845 F.2d at 1241.

A federal court may not review a procedurally barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). In his Response to Respondent's Motion to Dismiss, petitioner makes no attempt to demonstrate cause and prejudice for the procedural default of Claims 6 and 7 of this petition, and in fact entirely omits

4

any mention of those claims. Accordingly, Claims 6 and 7 of the petition are procedurally barred and therefore not eligible for federal review on the merits.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### IV. Analysis

In all of his federally-cognizable claims, petitioner asserts that he received ineffective assistance of counsel for various reasons. To establish ineffective assistance of counsel, a

5

petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance" id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (in evaluating counsel's trial performance, courts must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a

petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998). In addition, it is settled that the Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987).

In Claim 1, petitioner argues that he received ineffective assistance of appellate counsel because counsel filed improper and inadequate petitions for appeal to the Court of Appeals and the Supreme Court of Virginia. When petitioner raised this same claim in the state habeas corpus proceeding, the Supreme Court of Virginia denied relief on the following holding:

> [T]he Court holds that claim (I) fails to satisfy the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the Court of Appeals' order and this Court's order, demonstrates that, although the Court of Appeals found the two issues raised on appeal were waived, the court addressed both on the merits and found no error in the trial court's rulings. This Court then considered and refused petitioner's appeal on the merits. Furthermore, petitioner does not articulate the appellate arguments he contends counsel should have made. Petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel' alleged errors, the result of the proceeding would have been different.

Smith v. Dir., supra, slip op. at 1-2.

The Supreme Court of Virginia's rejection of Claim 1 was both factually reasonable and in accord with Strickland, supra. While it is true that the Court of Appeals found that the petition for appeal was deficient as to both claims raised,[2] it nonetheless went on to discuss and to reject both claims on the merits in the alternative. As to petitioner's contention that the evidence was

---

[2]Specifically, the Court of Appeals of Virginia found that the petition for appeal contained no citation to legal authority to support the claim that the evidence was insufficient to sustain the rape conviction, and it determined that this constituted a significant failure to adhere to the requirements of Rule 5A:20(e). Smith v. Commonwealth, supra, slip op. at 1. The Court of Appeals further found that the issue of whether the sentencing court operated under the erroneous belief that the rape conviction carried a minimum mandatory five-year sentence had not been presented to the trial court and so was barred on appeal by Rule 5A:18. Id., slip op. at 2.

7

insufficient to sustain the rape conviction because any sexual intercourse with the victim was consensual, the Court of Appeals noted that the victim testified at trial that the petitioner forced her to have sex with him, and the Commonwealth introduced other evidence that corroborated that testimony. The trial court credited that testimony, and the Court of Appeals determined that "[t]he Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of rape." Smith v. Commonwealth, supra, slip op. at 1-2. Similarly, as to the issue concerning whether the court incorrectly believed that the rape conviction was subject to a five-year minimum mandatory sentence, the Court of Appeals noted that the prosecutor accurately quoted the applicable Virginia Code sentencing provision at sentencing, so "[t]he record does not reflect that the trial court misapprehended the applicable law when determining appellant's sentence for rape." Id. at 2-3. Since the Court of Appeals thus determined that both claims were without merit despite the flaws in the petition for appeal, the state court's finding that petitioner suffered no prejudice as the result of counsel's errors was a reasonable determination of the facts. Further, its conclusion that counsel's performance thus did not amount to ineffective assistance was in accord with the controlling authority of Strickland, supra. Under these circumstances, federal relief on Claim 1 also must be denied. Williams, 529 U.S. at 412-13.

In Claim 2, petitioner contends that he received ineffective assistance of appellate counsel when his attorney failed to raise meritorious issues on direct appeal. Specifically, petitioner asserts that appellate counsel (a) failed to challenge the credibility of the victim's testimony, and (b) failed to challenge trial counsel's failures to object leading questions by the prosecutor and to move to strike the resulting answers. As to the first portion of this claim, the Supreme Court of

Virginia held as follows:

> Petitioner contends counsel should have argued, first, that the testimony of Sheree Walker, the victim, was incredible ... The Court holds that this portion of claim (II) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Smith v. Dir., supra, slip op. at 2.

As discussed in connection with Claim I above, the trial court credited the victim's testimony, and the Court of Appeals on direct appeal found that such evidence was competent and not inherently incredible. Smith v. Commonwealth, supra, slip op. at 1-2. The Supreme Court of Virginia thereafter refused further review. Resp. Ex. C. It thus is apparent on the record that had appellate counsel made the argument petitioner now suggests, the outcome of the appeal would not have been different. Moreover, it is settled in Virginia that a conviction in a sexual assault case can be supported solely by the victim's testimony, without additional corroboration. See Fisher v. Commonwealth, 228 Va. 296, 299, 321 S.E.2d 202, 204 (1984) ("The reason for the rule is the typically clandestine nature of the crime. There are seldom any witnesses to such an offense except that perpetrator and the victim. A requirement of corroboration would cause most sex offenses to go unpunished.").

The Supreme Court of Virginia also rejected the second portion of Claim 2, where petitioner alleges that his counsel provided ineffective assistance by failing to object to all leading questions posed by the prosecutor to the victim and to move to strike the victim's answers to those questions. As to that argument, the Supreme Court of Virginia held:

> In the remaining portion of claim (II), petitioner alleges he was denied the effective assistance of trial counsel because after the court sustained counsel's objection to the Commonwealth's leading questions of Walker regarding her interactions with petitioner on the evening in question, counsel failed to renew his objection to subsequent leading questions or to strike Walker's answers from the record.
>
> The Court holds that this portion of claim (II) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland</u>. The record, including the trial transcripts, demonstrates that counsel did continue to object to the prosecutor's leading questions regarding petitioner's conduct toward Walker. There is no indication from the record that the court improperly considered any of Walker's testimony to which counsel's objections were sustained. Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Smith v. Dir., <u>supra</u>, slip op. at 2-3.

As the Supreme Court of Virginia determined, petitioner's allegation that trial counsel did not object to the prosecutor's leading questions is simply inaccurate; counsel did continue to object to the leading nature of questions posed by the prosecutor. Tr. 6/17/09 at 75, 77, 78. In addition, petitioner's argument that counsel should have requested that the victim's answers be stricken also is incorrect, because the proceeding was a bench trial, and no jurors needed to be cautioned to disregard the testimony. "A judge, unlike a juror, is uniquely suited by training, experience and judicial discipline to disregard potentially prejudicial comments and to separate, during the mental process of adjudication, the admissible from the inadmissible, even though he has heard both." Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981). Under all of these circumstances, rejection of Claim 2 by the Supreme Court of Virginia was both factually reasonable and in accord with applicable federal authority, so the same result must

obtain here. Williams, 529 U.S. at 412-13.

In Claim 3, petitioner contends that he received ineffective assistance of trial counsel when his attorney failed to investigate the details of the crimes with which petitioner was charged or the reputation of the victim. In support of this position, petitioner asserts five distinct arguments, each of which was expressly rejected by the Supreme Court of Virginia. First, petitioner alleges that counsel's efforts fell below constitutional standards when he failed to obtain a surveillance videotape from the LaQuinta Inn where the offense occurred. According to petitioner, the video would have shown the victim was naked when she first spoke to the officers who responded to the scene, which in turn would have contradicted her statement that the officers could not see her injuries because they were covered by her clothing. The Supreme Court of Virginia found no merit to this argument, and held as follows:

> This portion of claim (III) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcripts, demonstrates that counsel elicited testimony from the first three responding officers that Walker's face, neck and arms were exposed but none of them saw any marks on her when they responded to the scene. However, Officers Shenouda and Ibarra testified that they observed scratches and abrasions on Walker. Further, Walker was impeached with prior testimony and her criminal record, as well as numerous responses indicating she did not know or did not recall a significant number of details regarding the incident. Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Smith v. Dir., supra, slip op. at 3-4.

Counsel supplied an affidavit in the state habeas corpus proceeding in which he explained that his trial strategy was to attempt to demonstrate that the sexual encounter between petitioner and the victim was consensual. Resp. Ex. F at 1. In furtherance of that strategy, counsel

11

established through the testimony of three police officers who responded to other patrons' complaints of noise that they saw no marks or injuries on the victim. The first officer testified that Walker was crying when he saw her but he noticed no injuries, and Walker said she was fine and there was no problem. Tr. 6/18/09 at 35. The second officer also testified that he could see Walker's face, arms and neck and he observed no injuries. Id. at 36-37. The third officer likewise saw no marks. Id. at 46-47. It is well established in federal jurisprudence that "'strategic choices made [by counsel] after thorough investigation ... are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. Decisions concerning the calling of witnesses are matters of strategy left to the attorney, which ordinarily cannot constitute ineffective assistance. Jones, 547 F.2d at 808. Here, then, where counsel made a strategic decision to elicit the information that the victim appeared uninjured through his cross-examination of the responding officers, the fact that he did not opt to seek the same information from the surveillance video cannot constitute ineffective assistance.

In the second portion of Claim III, petitioner asserts that counsel was ineffective for failing to impeach the victim with evidence of her drug use and the fact that the Commonwealth was "helping" her by not reporting her drug use to her probation officer. The Supreme Court of Virginia rejected this argument, holding as follows:

> This portion of claim (III) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcripts, demonstrates that Walker was impeached based on her prior convictions, her drug use, and her prior

12

> testimony. The court also heard evidence that no DNA evidence
> supported Walker's claims against petitioner. Petitioner has failed to
> demonstrate that counsel's performance was deficient or that there is
> a reasonable probability that, but for counsel's alleged errors, the
> result of the proceeding would have been different.

Smith v. Dir., supra, slip op. at 5.

Review of the trial transcript confirms that counsel objected numerous times during the direct examination of victim Sheree Walker and then thoroughly cross-examined her. During those exchanges, counsel ensured that the trial court was aware that no DNA evidence supported the victim's claim of rape, Tr. 6/17/09 at 215, and as just discussed, he elicited testimony from the first three officers to respond to the scene that they observed no injuries to her. In addition, counsel established that Walker had been in prison, Tr. 6/18/09 at 55, and impeached her with her direct testimony and the transcript of a statement she had given to the police. Id. at 126, 138-41. Given these circumstances, the Supreme Court of Virginia's conclusion that the outcome of the trial was not affected by counsel's alleged failure to impeach the victim concerning her drug use was based on a reasonable determination of the facts, and is in accord with Strickland, supra.

In the third portion of Claim 3, petitioner contends that counsel rendered ineffective assistance by failing to impeach a prosecution witness who worked at the LaQuinta Inn with her prior criminal record.[3] The Supreme Court of Virginia rejected this argument for the following reasons:

> The Court holds that this portion of claim (III) satisfies neither the
> 'performance' nor the 'prejudice' prong of the two-part test
> enunciated in Strickland. The record, including the trial transcripts,
> demonstrates that Daniels was not a material witness and the facts to

---

[3] As respondent points out, petitioner misidentifies the witness as Edwina Davis; her actual name was Edwina Daniels. Tr. 6/17/09 at 216.

13

which she testified were largely corroborated by petitioner's testimony. Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Smith v. Dir., supra, slip op. at 6.

Review of the trial transcript reveals that on the morning of the incident, other guests at the hotel complained to Daniels about noises coming from Room 317, and she called to ask the occupants to "quiet down." tr. 6/17/09 at 217. When more complaints followed, she called the "nonemergency police number," and when three officers responded they went to the room and then told her "everything was okay." Id. About twenty minutes later, Daniels received another complaint and called the police again. She also informed petitioner that "they needed to leave" the hotel and would not be getting a refund. Id. at 218. When the police arrived the second time, Daniels pointed out petitioner and the victim at a bus stop across the street. Id. Daniels never personally went to the room. Id. at 223. She also identified a printout of activity associated with the room, which established that petitioner checked in at 6:25 a.m. and checked out three hours later at 9:39 a.m. Id. at 224.

None of Daniels' testimony was contradicted by that of petitioner himself. He testified that he checked into the LaQuinta Inn on the morning of November 1, 2009; he admitted that he and Walker argued, that he got boisterous, and that he was "bamming" on the bathroom door. Id. at 58-60. The police came and spoke to him, and then they left. Id. at 62-66. Walker took a shower for about 15 minutes, but afterwards the two began to argue again. Petitioner refused to give Walker money, and after that an incident occurred in the hallway where he and Walker were both undressed, and they were asked to leave the hotel. Id. at 67-76. The factual matters to

14

which petitioner testified thus in large part corresponded with the testimony provided by Daniels, so the Virginia court's conclusion that the outcome of the proceeding would not have been changed had she been differently or more throughly cross-examined is factually reasonable, and its legal conclusion that counsel did not provide ineffective assistance in this respect is in accord with Strickland.

In the fourth portion of Claim II, petitioner faults counsel for failing to interview the Commonwealth's witnesses to determine what their trial testimony would be. The Supreme Court of Virginia found no merit to this argument, as follows:

> The Court holds that this portion of claim (III) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner does not identify which witnesses he contends counsel should have interviewed, or what information counsel would have obtained. Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Smith v. Dir., supra, slip op. at 5.

It is well established under federal law that in the absence of particulars as to what an adequate investigation would have revealed or a proffer of what absent witnesses would have said, a claim of ineffective assistance based on general assertions that additional witnesses should have been called will not lie. See Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir.), cert. denied, 499 U.S. 982 (1991). Here, the Supreme Court of Virginia's denial of relief on petitioner's allegation of ineffective assistance was squarely in line with such authority, so its foregoing holding must be allowed to stand. Williams, 529 U.S. at 412-13.

In the final portion of Claim 3, petitioner asserts that counsel's representation was ineffective because he failed to subpoena jail telephone records, which allegedly would have

15

revealed statements by the victim that she had fabricated the charges against petitioner. The Supreme Court of Virginia found this argument to be meritless, as follows:

> The Court holds that this portion of claim (III) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcripts, demonstrates that Walker testified at trial that she went to see petitioner 'to be mean' and to 'rub it in' because of 'all the hell he put me through, all the beatings.' Petitioner testified that he spoke with Walker when she visited him, but never mentioned the statement he alleges she made in this petition. Further, petitioner testified at trial that he believed Walked [sic] was trying to 'set [him] up' because he had 'moved on.' Petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Smith v. Dir., supra, slip op. at 4.

As the Supreme Court of Virginia recognized, petitioner's trial counsel elicited evidence of Walker's animosity toward petitioner during Walker's cross-examination and petitioner's direct examination. Tr. 6/17/09 at 168; Tr. 6/18/09 at 77-78. Petitioner testified about his "three minute" telephone conversation with Walker, and stated that she was "obnoxious [and] loud," and told him, "when we go to court, I'm going to let you have it." Tr. 6/18/09 at 77-78. Under these circumstances, there is no indication that the addition of the telephone records would have changed the outcome of the proceeding. The Supreme Court of Virginia's conclusion that counsel did not render ineffective assistance for any of the reasons petitioner lists in Claim 3 was based on a reasonable determination of the facts and was not contrary to applicable federal law, so that result must be allowed to stand. Williams, 529 U.S. at 412-13.

In Claim 4, petitioner argues that he received ineffective assistance of trial counsel when his attorney failed to cross-examine the victim adequately concerning her familiarity with his handwriting. The Supreme Court of Virginia found this claim to be meritless for the following

16

reasons:

> In claim (IV), petitioner alleges he was denied the effective assistance of trial counsel because counsel failed to cross-examine Walker regarding the foundation for her testimony that she recognized petitioner's handwriting. Petitioner contends he did not write the letters that Walker said he wrote.
>
> The Court holds that claim (IV) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland</u>. The record, including the trial transcripts, demonstrates that counsel objected to the foundation for Walker identifying the letters she received from petitioner. Walker then testified that she was familiar with petitioner's handwriting, and later testified that the letter was signed with petitioner's Muslim name. Counsel also impeached Walker with her criminal record and prior testimony. Further, petitioner testified that Walker forged the letters. In addition, petitioner identified a letter written by Walker, which he claimed proved that Walker forged the letters she claims to have received from him. Petitioner has failed to demonstrate that counsel's performance was deficient of that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

<u>Smith v. Dir.</u>, <u>supra</u>, slip op. at 6-7.

It has long been established in Virginia that "a [lay] witness is competent to testify to the genuineness of a controverted signature if he has the proper knowledge of the party's handwriting." <u>Pepper v. Barnett</u>, 63 Va. 405, 407 (1872). The degree of familiarity with the handwriting affects the weight of such testimony, but not its admissibility. <u>Id.</u> Moreover, the party offering such handwriting evidence is not required to show that the author is unavailable. <u>Goulkes v. Commonwealth</u>, 41 Va. 835, 841 (1843). In this case, counsel did object to Walker identifying the letters, Tr. 6/17/09 at 96, but after Walker testified that she had previously had the opportunity to see petitioner's handwriting and recognized the handwriting on the letter as his, the trial court ruled that that was "sufficient to get it in in terms of qualifying it." <u>Id.</u> at 96-97.

17

As the Supreme Court of Virginia noted, counsel also impeached Walker with her criminal record and prior testimony. Under these circumstances, there is nothing to indicate that the outcome of the proceeding would have been different had counsel also cross-examined Walker concerning her familiarity with petitioner's handwriting, so ineffective assistance has not been demonstrated. Cf. Strickland, supra.

In Claim 5, petitioner charges counsel with providing ineffective assistance for failing to object to the prosecutor's statement during closing argument that the hotel clerk said "there was a guy beating a girl in there." Petitioner contends that this statement was both unsupported by the evidence and prejudicial. On state habeas review, this argument was found to be without merit for the following reasons:

> The Court holds that claim (V) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcripts, demonstrates that the prosecutor's statement properly reflected the evidence admitted at trial that the motel had received several complaints that petitioner and Walker were 'fighting' and that petitioner 'was beating on' Walker. Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Smith v. Dir., supra, slip op. at 7.

Review of the record demonstrates that the prosecutor's statement was supported by trial testimony. Officer Shenouda testified that when he responded to the LaQuinta Inn he was met by a female clerk who told him "that there was a male and a female that had been fighting all throughout the night and that this was her second call to us." Tr. 6/17/09 at 23-24. When later speaking with petitioner, Officer Shenouda explained that the police had received "several complaints that he was beating on the female he was with." Id. As an objection to the

18

prosecutor's statement thus would have been futile, its omission did not constitute ineffective assistance, cf. Strickland, supra, and the Supreme Court of Virginia's rejection of Claim V must not be disturbed. Williams, 529 U.S. at 412-13.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed with prejudice. An appropriate Order shall issue.

Entered this 21 day of May 2013.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge